# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SALLY KOEN,** *Individually and as Independent Executrix of the Estate of Bradley Koen*, **SUZANNE KOEN,** and **WILLIAM KOEN,** <br> *Plaintiffs* <br><br> **v.** <br><br> **MONSANTO COMPANY,** <br> *Defendant* | **Case No. 1:22-cv-209-RP** |

## ORDER ON JURY SELECTION AND JUROR QUESTIONNAIRE

By referral of the District Court pursuant to 28 U.S.C. § 636, jury selection will proceed before this Magistrate Judge at **9:30 a.m. on Friday, July 12, 2024**, in Courtroom 1 on the First Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas, according to the plan below.

### Juror Questionnaire

The parties asked the Court to send a questionnaire to jurors, but did not reach an agreement on its form. Dkt. 271 at 1. Defendant states that Plaintiffs object to six questions in Defendant's proposed questionnaire (Nos. 14-17, 22, and 27) and asks the Court to rule on the objections. *Id.* The grounds for Plaintiffs' objections are not stated, and two of the disputed questions also appear verbatim in Plaintiffs' own questionnaire. Defendants cite no supporting authority for their other four disputed questions and do not object to any of the questions in Plaintiffs' proposed questionnaire, which is similar to the juror questionnaire for the Group 1 bellwether trials in *In re: Roundup Products Liability Litigation*, Case No. 3:16-md-02741-VC.

Accordingly, the Court:

- **OVERRULES** Plaintiffs' objections to Defendant's question 22, which is identical to Plaintiffs' question 16 ("Do you have any opinions or feelings about Monsanto, or any

chemical company, that may make it difficult for you to fairly evaluate the evidence in a trial where an individual is claiming that the company's product caused their cancer"?) and Defendant's question 27, which is identical to Plaintiffs' question 22 ("A list of names is attached to this questionnaire. Please circle the names of any of the people that you personally know."), and

- **SUSTAINS** Plaintiffs' objections to Defendant's questions 14 ("How often do corporations put making profits ahead of the health and safety of the public?"), 15 ("How concerned are you about environmental toxins?"), 16 ("Have you or someone close to you been exposed to chemicals you believe are a health hazard?"), and 17 ("How concerned are you about consuming genetically modified food crops (GMO's)?").

The questionnaire will be emailed to the venire with a cover letter similar to the Honorable Vince Chhabria's in MDL bellwether case *Hardeman v. Monsanto Co.*, No. 20-cv-03074-VC.

### Jury Selection Plan

The parties are **HEREBY ORDERED** to submit any objections or changes to this jury selection plan on or before **Wednesday, July 10, 2024**. Counsel must appear to address any objections or requested changes to the jury selection plan, or any other issues concerning jury selection, at **9 a.m. on Friday, July 12, 2024**.

I.  Welcome

    A.  Venire seated in gallery

    B.  Explanation of purpose of voir dire examination

    C.  Initial instructions

II. General Questions (with follow-up to juror questionnaire responses as needed)

    A.  Anticipated trial length: Undue hardship/special problem?

B.  Statement of Facts:

    The plaintiffs in this case are Sally Koen, Brad Koen's wife, Individually and as Independent Executrix of the Estate of Bradley Koen, Suzanna Koen, Brad Koen's mother, Individually, and William Koen, Brad Koen's father, Individually. Bradley Koen used Monsanto's weedkiller, Roundup, from approximately 1992 to 2018, when he was diagnosed with a type of cancer called non-Hodgkin's lymphoma ("NHL"). Bradley Koen died on April 5, 2023. Plaintiffs allege in this lawsuit that Monsanto was negligent in its design, manufacture and sale of Roundup, that Monsanto failed to warn about the risk posed by Roundup, that Monsanto represented and warranted to consumers like Bradley Koen that Roundup was safe, and that Bradley Koen's exposure to Roundup was a substantial contributing factor in causing Bradley Koen's NHL and death. As a result, Plaintiffs are seeking monetary damages including for pain and suffering sustained by Brad Koen, their mental anguish, loss of earning capacity, and medical expenses. They are also seeking punitive damages to punish Monsanto for its conduct. Monsanto denies Plaintiffs' claims and contends that exposure to Roundup does not cause cancer and was not a substantial factor in causing Bradley Koen's development of non-Hodkin's lymphoma and death.

C.  Counsel, client, and witnesses: Do you or any immediate family member know any of them or Bradley Koen? Have you had any business dealings or financial involvement with Monsanto?

D.  Do you have any knowledge of other panel members or the courthouse judges and staff?

E.  Do you know anything about this case? Is there anything about the description that causes you to believe you could not judge this case fairly, with an open mind?

F.  Do you have any interest in the outcome of this litigation?

G.  Have you had any prior jury service?

H.  Have you or any member of your immediate family ever participated in a lawsuit as a party, witness, or in any other capacity?

I.  Instructions on evidence and law: Are you able and willing to render a verdict solely on the evidence presented at the trial in the context of the law?

J.  Instruction on burden of proof in civil cases: Are you able to require plaintiffs to prove their case by a preponderance of the evidence and not hold them to a greater or lesser standard of proof?

III. **Specific Questions Requested by Counsel (with follow-up questions as needed)**

    A. Monsanto is now part of the company Bayer. Are you familiar with Bayer? Have you had any business dealings or financial involvement with Bayer, or formed an opinion about it that may make it difficult for you to serve as an impartial juror in this case?

    B. Are you familiar with, or have you or anyone close to you made a purchase from, Joe Koen & Sons Jewelers in Austin?

    C. Have you or anyone close to you worked for or had interactions with the US Environmental Protection Agency (EPA)? Have you formed any strong opinions – positive or negative – about the EPA?

    D. This case involves a chemical herbicide called glyphosate which is sold under the brand name Roundup. Roundup is used to control weeds. Have you formed the opinion that chemical herbicides, like Roundup, are unsafe to use? Have you or anyone close to you decided not to use Roundup for any reason?

IV. **Questions from Plaintiff's Counsel (45 minutes)**

V. **Questions from Defendant's Counsel (45 minutes)**

VI. **Final Questions by the Court, including any matter for the Court's attention**

VII. **Recess**

    A. Jurors are excused

    B. Attorneys may exercise challenges for cause and peremptory challenges

    C. Eight jurors are selected

VIII. **Jurors Return to Courtroom**

    A. Stricken jurors are excused

    B. Jury is sworn and preliminary instructions are provided

**SIGNED** on July 5, 2024.

                                                                                SUSAN HIGHTOWER
                                                                                UNITED STATES MAGISTRATE JUDGE